IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

DAVID RAY TONEY,

    Plaintiff

 VS.

           **NO. 5:07-CV-262 (CAR)**

DAVID BUTTS, *et al.*,

    Defendants  PROCEEDINGS UNDER 42 U.S.C. § 1983
           BEFORE THE U.S. MAGISTRATE JUDGE

# RECOMMENDATION

  Defendant DAVID BUTTS, Health Service Administrator at Hancock State Prison, and defendant GARLAND RINER, formerly Deputy Warden of Care and Treatment at Hancock State Prison, have filed a MOTION FOR SUMMARY JUDGMENT herein. Tab #25. On May 13, 2008, the undersigned advised plaintiff DAVID RAY TONEY of his duty to respond to the defendants' motion and that failure to respond could result in the granting of said motion. Tab #28. Plaintiff has failed to file a response to the motion filed by defendants BUTTS and RINER. Moreover, on October 15, 2008, the undersigned directed plaintiff to SHOW CAUSE as to why the case should not be dismissed for failure to prosecute. Tab #29. Once again, plaintiff TONEY failed to respond. Nonetheless, it is the obligation of this court to ensure that the standards for summary judgment have been met.

## SUMMARY JUDGMENT STANDARD

  As previously indicated to the plaintiff in the court's notice (Tab #26), Rule 56(c) of the Federal Rules of Civil Procedure dealing with motions for summary judgment provides as follows:

> *The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.*

Summary judgment can only be granted if there are <u>no</u> genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Warrior Tombigbee Transportation Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment <u>cannot rest on his pleadings</u> to present an issue of fact but <u>must make a response</u> to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts which exist in the case which must be presented to a jury for resolution. *See Van T. Junkins & Assoc. v. U.S. Industries, Inc.*, 736 F.2d 656, 658 (11th Cir.1984).

## DISCUSSION

Plaintiff TONEY has failed to respond to these defendants' MOTION FOR SUMMARY JUDGMENT despite specific direction from the court to do so. Accordingly, based upon the defendants' motion, affidavits, and the records provided, this court finds the facts to be as set forth by defendants BUTTS and RINER in their STATEMENT OF UNDISPUTED MATERIAL FACTS (Tab #25) and further finds that there is no genuine dispute on any material issue of fact submitted by plaintiff TONEY with regard to either defendant BUTTS or defendant RINER.

Plaintiff claims that the defendants violated his constitutional rights in several ways. Each claim involves either inadequate, improper, or delayed medical treatment. However, plaintiff's claims are not substantiated by the evidence in the record. The uncontroverted evidence submitted clearly establishes that plaintiff TONEY'S constitutional rights were not violated by defendants BUTTS and RINER. Accordingly, IT IS RECOMMENDED that the MOTION FOR SUMMARY JUDGMENT filed by and on behalf of defendants BUTTS and RINER be **GRANTED**.

In addition, with regard to the numerous remaining defendants, and in light of the fact that the plaintiff has failed to diligently prosecute this action as evidenced by his failure to respond to the aforementioned ORDER TO SHOW CAUSE, IT IS RECOMMENDED that this case be **DISMISSED** *with prejudice* as to each of the remaining defendants.

Pursuant to 28 U.S.C. §636(b)(1) the parties may serve and file written objections to the RECOMMENDATIONS herein made with the district judge to whom the case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

The clerk is directed to serve the plaintiff with a copy of this Recommendation by mailing it to the **LAST ADDRESS** provided by him.

SO RECOMMENDED, this 24th day of NOVEMBER, 2008.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE